UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| THE ESTATE OF LEEROY HICKMAN, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-69 |
| | ) | | (VARLAN/SHIRLEY) |
| DOUG MOORE, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |
| THE ESTATE OF LEEROY HICKMAN, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-102 |
| | ) | | (VARLAN/SHIRLEY) |
| DOUG MOORE, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on several motions by the parties in this case. Defendants Doug Moore ("Moore"), Paige Craig (captioned as "Lesley Craig," hereinafter referred to as "Craig"), Robert Berkely ("Berkely"), Matthew Gilmore ("Gilmore"), and James Lee Berrong ("Berrong"), all in their official capacities (hereinafter collectively referred to as "Official Defendants"), and Blount County, Tennessee ("County") have filed a Motion to Dismiss and/or Motion to Strike. [Doc. 7.] Defendants Moore, Craig, Berkley, and Gilmore, all in their individual capacities (hereinafter collectively referred to as

"Individual Defendants"), have also filed a Motion to Dismiss. [Doc. 9.] Plaintiff, the Estate of Leeroy Hickman, Jr. ("the Estate"), has filed a Motion to Amend/Revise Complaint as well as a Motion to Allow Discovery to Commence. [Docs. 12, 24.] In response, the Individual Defendants have filed a response, or in the alternative, a Motion for Protective Order. [Doc. 26.] The Official Defendants and County have also filed a Motion to Stay Discovery. [Doc. 29.]

The Court has carefully reviewed the pending motions and supporting materials in light of the applicable law. [Docs. 7, 8, 9, 10, 13, 14, 17, 19, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31.][1] For the reasons set forth herein, the Motion to Amend [Doc. 12] will be granted in part and denied in part, the Motion to Dismiss and/or Motion to Strike [Doc. 7] will be denied in part and granted in part, the Motion to Dismiss [Doc. 9] will be denied, the Motion to Allow Discovery to Commence [Doc. 24] and the Motions for Protective Order and to Stay Discovery [Docs. 26, 29] will be denied as moot. Additionally, due to the identity of facts and issues, the Court will consolidate Case Number 3:09-CV-69 and Case Number 3:09-CV-102 pursuant to Fed. R. Civ. P. 42.

## I. RELEVANT BACKGROUND

Defendants Moore, Craig, Berkely, Gilmore, and John Doe I are allegedly deputy sheriffs for the County, while Berrong is the sheriff of the County. [Doc. 1 at 2.] The County

---

[1]The Court notes that these filing numbers refer to those in Case Number 3:09-CV-69. These filings are identical to those filed in Case Number 3:09-CV-102. For convenience and clarity, references to filing numbers in this memorandum shall be those in Case Number 3:09-CV-69 unless designated otherwise. The Court's references to filings in Case Number 3:09-CV-69 equally apply to the identical filings in Case Number 3:09-CV-102.

2

is alleged to be a "political subdivision of the State of Tennessee." [Doc. 1 at 3.][2] The decedent is LeeRoy Hickman, Jr. ("Mr. Hickman"), whose personal representative is alleged to be Janice Hickman ("Ms. Hickman") in the original complaint. [Doc. 1 at 2.]

On February 24, 2008, Mr. Hickman was allegedly sleeping alone in his home located in Blount County, Tennessee. [Doc. 1 at 3.] Earlier, he had an altercation with his wife, Ms. Hickman, in which he was alleged to have been physically and verbally abusive. [Doc. 1 at 3.] Uniformed county officers then responded to a domestic call at Mr. Hickman's home and escorted Mr. Hickman's daughter and grandson from the premises while Mr. Hickman was present. [Doc. 1 at 4.] Mr. Hickman was then allegedly left alone in his home. [Doc. 1 at 4.]

A misdemeanor warrant was allegedly issued for Mr. Hickman's arrest. [Doc. 1 at 3.] On February 24, 2008, it is alleged that Moore, Craig, Berkley, and Gilmore "devised a plan to arrest [Mr. Hickman] on a misdemeanor warrant by deceit, surprise, and threat of deadly force." [Doc. 1 at 5.] It is alleged that John Doe I was in charge of supervising the activities of Moore, Craig, Berkley, and Gilmore. [Doc. 1 at 6.] Moore, Craig, Berkley, and Gilmore allegedly came to Mr. Hickman's home and entered onto his premises in the darkness dressed in dark clothing, which concealed their identities as law enforcement agents. [Doc. 1 at 6.] Craig, wearing civilian clothing, then allegedly knocked on Mr. Hickman's door pretending to have trouble with a vehicle parked in the street in front of his home and asked Mr. Hickman for assistance. [Doc. 1 at 6.] Once Mr. Hickman was outside of his home, there

---

[2]The Court will hereinafter collectively refer to the Individual Defendants, Official Defendants, and the County as the "Defendants."

3

Case 3:09-cv-00069-TAV-CCS   Document 32   Filed 07/01/09   Page 3 of 17   PageID #: 240

was an alleged series of commands by the officers to Mr. Hickman who then allegedly moved to retreat out of confusion and in concern for his own safety. [Doc. 1 at 7.] Mr. Hickman was then allegedly shot to death at close range with five bullets entering the back of his body. [Doc. 1 at 7.]

After Mr. Hickman's death, Ms. Hickman and Mr. Hickman's daughter were allegedly questioned for approximately two hours regarding his alleged wrongdoing. [Doc. 1 at 8.] Following this detention, it is alleged that Berrong then informed them of Mr. Hickman's death and requested permission to search the home. [Doc. 1 at 8.] Berrong allegedly took possession of the home and ordered officers or agents to collect all evidence from the scene and had the Hazmat team wash away evidence of the location of Mr. Hickman's body when shot. [Doc. 1 at 8.]

The Estate subsequently filed suit alleging violations of 42 U.S.C. §§ 1983 and 1988, in addition to state law claims for assault and battery, wrongful death, violations of the Tennessee Constitution, violations of Tennessee's Governmental Tort Liability Act ("GTLA"), and violations of the common law duty of office. [*See* Doc. 1.]

## II. CONSOLIDATION

As an initial matter, the Court notes that the complaint in Case Number 3:09-CV-69 [Doc. 1] is virtually identical to the complaint filed in the Circuit Court for Blount County, Tennessee, on February 23, 2009, asserting the same claims based on the same facts against the same defendants. [*See* Case Number 3:09-CV-102, Doc. 1-1.] The state court case was
4

removed to this Court on March 11, 2009, as Case Number 3:09-CV-102. [Case Number 3:09-CV-102, Doc. 1.] The parties' subsequent filings in this case have also been identical.

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." Because the cases involve the same facts, the same claims, and the same parties, the Court finds that these cases involve common questions of law and fact and should therefore be consolidated. Fed. R. Civ. P. 42(a)(2). Accordingly, Case Number 3:09-CV-102 is hereby **CONSOLIDATED** with Case Number 3:09-CV-69. Case number 3:09-CV-69 will be the lead case, and the parties are hereby **ORDERED** to file all pleadings in Case Number 3:09-CV-69.

### III. Motions to Dismiss [Docs. 7, 9] and Motion to Amend Complaint [Doc. 12]

After the Defendants filed their respective Motions to Dismiss [Docs. 7, 9], the Estate filed a Motion to Amend Complaint. [Doc. 12.] Because resolution of the Motion to Amend is interrelated to the Motions to Dismiss, the Court will address the Motion to Amend and the Motions to Dismiss together.

#### A. Standards of Review

##### 1. Fed. R. Civ. P. 15(a)

Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith,

5

for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted); *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985)).

### 2. Fed. R. Civ. P. 12(b)(6)

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### B. Proper Plaintiff

The proposed amended complaint replaces Jerry Lee Hickman, in his representative capacity, as the plaintiff in this action. [Doc. 12-1 at 2.] The Official Defendants and the County argue that the proposed plaintiff, Jerry Lee Hickman, as personal representative of the Estate of LeeRoy Hickman, Jr., is not the proper party in this action. They contend that the proper party is Ms. Hickman, as the surviving spouse of Mr. Hickman, for herself and their surviving children. The Individual Defendants rely on the same argument in their Motion to Dismiss. [Doc. 9.]

The Court finds that this proposed amendment comports with relevant Tennessee wrongful death statute, which provides:

> The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; *or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin* . . . .

Tenn. Code Ann. § 20-5-106(a) (emphasis added). For other civil actions where there is the death of the wronged party, Tennessee statute provides that "the right of action shall pass in like manner as the right of action described in § 20-5-106." Tenn. Code Ann. § 20-5-102.

While Defendants appear to argue that Ms. Hickman, as the surviving spouse, is the only proper plaintiff, Tenn. Code Ann. § 20-5-106(a) plainly provides that an action may pass to the "person's personal representative, for the benefit of the person's surviving spouse or next of kin" in the alternative to the surviving spouse. In this case, Plaintiff has presented

7

an order from the Probate Court for Blount County, Tennessee, appointing Jerry Lee Hickman as the personal representative of LeeRoy Hickman, Jr. [Doc. 13-1 at 1.] Additionally, the proposed amendment follows the statutory language in stating that Jerry Lee Hickman "brings this action in his representative capacity for the benefit of the deceased's surviving spouse, Janice Hickman, his son, Jerry Lee Hickman, and his daughter, Christy Boring." [Doc. 12-1 at 2.]

Accordingly, the Court finds Defendants' "proper party" argument unavailing in light of the relevant Tennessee statutes. The Court will grant the Estate's motion [Doc. 12] to the extent they seek to replace Jerry Lee Hickman, personal representative, as the plaintiff in this action (hereinafter referred to as "Plaintiff"). To the extent the Official Defendants and the County rely on this argument for their Motion to Dismiss [Doc. 7], that motion is denied. Because the Individual Defendants solely relied on the "proper party" argument for their Motion to Dismiss [Doc. 9], the Court will deny that motion in its entirety.

### C. Official Capacity

In the proposed amended complaint, Plaintiff sues Berrong "in his official capacity only." The Official Defendants object to this part of the amended complaint because "a suit against an officer in his official capacity is, in reality, a suit against the County." [Doc. 19 at 3.] The Sixth Circuit has previously held that "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, in a suit such as this where Plaintiff

8

has filed the complaint against both Berrong, in his official capacity, and sued the County itself, the official capacity suit is simply redundant.

Accordingly, the Court will deny Plaintiff's Motion to Amend [Doc. 12] to the extent there is a claim against Berrong, in his official capacity. Those claims are included in the claims against the County, so it is unnecessary for the claims against Berrong, in his official capacity, to remain in this action. Thus, the Official Defendants' Motion to Dismiss will be granted to the extent they seek to dismiss the claims against Berrong, in his official capacity. [Doc. 7.] As there are no remaining claims against Berrong, in his official capacity, he will be dismissed from this action as a party.

**D.    42 U.S.C. § 1983**

**1.    "Excessive Force" Claim**

In the proposed amended complaint, Plaintiff asserts an "excessive force" claim under 42 U.S.C. § 1983 against the Defendants. Title 42 U.S.C. § 1983 provides a "cause of action to those deprived of a constitutional right by law enforcement officers acting under the color of state law." *Drogosch v. Metcalf*, 557 F.3d 372, 377 (6th Cir. 2009). To hold a municipality liable under § 1983, a plaintiff must demonstrate that "the injury suffered was a direct result of the city's official policy or custom." *Slusher v. Carson*, 540 F.3d 449, 456 (6th Cir. 2008). In this case, Plaintiff asserts a § 1983 based on alleged violations of the Fourth Amendments to the United States Constitution. In their opposition to the Motion to Amend and in support of their Motion to Dismiss, the Defendants contend that Plaintiff's allegations regarding a lack of supervision are insufficient for a violation of § 1983.

9

In the case of inadequate action by a municipality, the Sixth Circuit has recognized that such inadequacy "only serves as a basis for § 1983 liability 'where the failure . . . amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Slusher*, 540 F.3d at 457 (emphasis in original) (citation omitted). "To establish deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that [supervision] in this particular area was deficient and likely to cause injury.'" *Id.* (citations omitted). To make this showing, there needs to be a history of similar incidents, notice, or evidence that the governmental entity's "failure to take meliorative action was deliberate." *Id.* (citations omitted).

In light of this and the standard that takes all well-pleaded allegations as true and construes them most favorably toward the non-movant, the Court finds that Plaintiff has made sufficient allegations to support a municipal liability § 1983 claim against the County. In the proposed amended complaint, Plaintiff alleges more than mere failure to supervise. There are allegations that the County developed a policy of selectively serving warrants despite a court order "making the Sheriff aware of the problem" and that such a policy "amounts to deliberate indifference to the rights of persons with whom the police come into contact." [Doc. 12-1 at 7, 8-9.] There are also allegations that the "deliberate indifference to service of criminal warrants . . . had previously, resulted in arbitrary and unconstitutional service and non-service of criminal warrants." [Doc. 12-1 at 14.] The proposed amended complaint also includes allegations that this alleged deliberate indifference was "a moving

10

force in the violation of [Mr. Hickman's] civil rights and death." [Doc. 12-5 at 14.] In light of these allegations regarding deliberate indifference, prior incidents, and notice to the County in the form of a court order, the Court finds that Plaintiff has made sufficient allegations for the "excessive force" § 1983 claim against the County.

Accordingly, the Court will grant Plaintiff's Motion to Amend [Doc. 12] to the extent it includes an "excessive force" § 1983 claim against the County based on a failure to supervise and deliberate indifference. Thus, the Court will deny Defendants' Motion to Dismiss [Doc. 7] as to this claim.

### 2. "Gunowner Rights" Claim

For the "Gunowner Rights" § 1983 claim, Plaintiff claims that the Individual Defendants targeted him "because he was a member of the class of private citizens who exercise their Second Amendment Rights to keep and bear arms." [Doc. 21-1 at 17.] As part of this claim, it is also alleged that the County is liable under § 1983 for deliberate indifference. In its opposition to the Motion to Amend, the County argues that this claim is not actionable because the Second Amendment is inapplicable to state and local governments. Plaintiff counters that the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (1983), raises questions about the continuing validity of precedent holding that the Second Amendment inapplicable to state and local entities. Plaintiff also contends that the "Gunowner Rights" claim includes a Fourteenth Amendment claims, which is not addressed by previous case law.

11

Defendants are correct in arguing that previous courts addressing this issue have concluded that the Second Amendment is inapplicable to state and local entities. In *Presser v. Illinois*, the Supreme Court held that the Second Amendment "is a limitation only upon the power of congress and the national government, and not upon that of the state." 116 U.S. 252, 265 (1886). Likewise, the Sixth Circuit has recognized that "the Due Process Clause of the Fourteenth Amendment does not incorporate the Second Amendment; hence the restrictions of the Second Amendment operate only upon the Federal Government." *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 538 n.18 (6th Cir. 1998); *see also* Denning v. Metro. Gov't of Nashville, 564 F. Supp. 2d 805, 812 (M.D. Tenn. 2008) ("Despite the fact that *Presser* is more than a century old, the rule that the Second Amendment restricts the federal government alone is still applied by federal courts, including the Sixth Circuit.").

Despite this clear precedent suggesting the invalidity of Plaintiff's "Gunowner Rights" claim, Plaintiff contends that this claim should not be dismissed because of the Supreme Court's subsequent decision in *Heller*, 128 S. Ct. 2783. In *Heller*, the Supreme Court held that the District of Columbia's ban on handgun possession in the home violated the Second Amendment. 128 S. Ct. at 2821. Notably, Plaintiff acknowledges that *Heller* "did not reach the issue here presented." [Doc. 23 at 8.] Thus, Plaintiff implicitly acknowledges that the pre-*Heller* precedent identified by Defendants is still valid within the Sixth Circuit. Though Plaintiff argues that no post-*Heller* decision has recognized the inapplicability of the Second Amendment to entities outside of the Federal government, Plaintiff has likewise failed to

identify any binding authority expressly overturning this precedent. In the absence of binding authority expressly recognizing the applicability of the Second Amendment to states and local entities, the Court will continue to follow the still valid Sixth Circuit precedent on this issue. Accordingly, the Court will deny Plaintiff's Motion to Amend [Doc. 12] as to the "Gunowner Rights" § 1983 claim.

### E. Governmental Tort Liability Act

In the proposed amended complaint, Plaintiff raises a claim for negligence against the County under Tennessee's Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101 *et seq.* [Doc. 12-1 at 24-25.] In their motion to dismiss and opposition to the motion the amend, Defendants argue that the Court is without subject matter jurisdiction over these claims. In the alternative, Defendants argue that the Court should decline to exercise supplemental jurisdiction over any state law claims in this action including those sought under the GTLA.

Tennessee's GTLA provides that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter." Tenn. Code Ann. § 29-20-307. Through this provision, "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The Sixth Circuit has recognized "[t]his unequivocal preference of the Tennessee legislature as an exceptional circumstances for declining jurisdiction." *Id.*

Though Plaintiff argues that the Court should retain jurisdiction over this claim due to diversity, Tennessee statute has expressly reserved "exclusive original jurisdiction" to the

13

Tennessee courts. Due to this jurisdictional provision, the Court will deny Plaintiff's Motion to Amend [Doc. 12] to the extent it includes a GTLA claim and will grant Defendants' Motion to Dismiss [Doc. 7] to the extent it is directed toward such a claim. This claim will be remanded to the Circuit Court for Blount County, Tennessee, from which it was originally removed.

### F. Remaining State Law Claims

Title 28 U.S.C. § 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, district courts may decline to exercise supplemental jurisdiction over a claim "if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In this case, because the Court will remand the GTLA claim in this case, this provides a compelling reason to decline exercising supplemental jurisdiction over Plaintiff's remaining state law claims. As a result, it is unnecessary for the Court to address Defendants' other arguments regarding the state law claims in this case. Plaintiff's Motion to Amend [Doc. 12] will be denied and Defendants' Motion to Dismiss [Doc. 7] will be granted to the extent the original and amended complaints assert state law claims. As these claims were originally filed in the Circuit Court of Blount County, Tennessee, and later removed in Case Number 3:09-CV-102, the Court will remand Plaintiffs' remaining state law claims to that state court.

## IV. DISCOVERY MOTIONS [Docs. 24, 26, 29]

Plaintiff has filed a Motion to Allow Discovery to Commence. [Doc. 24.] In response, the Individual Defendants filed a response in opposition, or in the alternative, Motion for Protective Order. [Doc. 26.] Likewise, the County has filed a Motion to Stay Discovery due to the pending motions in this case, which the Court has addressed above. [Doc. 29.] More specifically, Defendants contend that discovery should not commence in this action until the other pending motions in this action are resolved. Because the Court has already addressed these other pending motions, the parties' respective discovery-related motions have been rendered moot. Accordingly, Plaintiff's Motion to Allow Discovery to Commence [Doc. 24], the Individual Defendants' Motion for Protective Order [Doc. 26], and the County's Motion to Stay Discovery [Doc. 29] are hereby denied as moot.

The Court notes that should future discovery-related disputes arise between the parties, they should follow the three-step process for resolving such disputes: (1) Parties shall first meeting and/or confer in an attempt to resolve disputes themselves, without judicial intervention; (2) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case; and (3) If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(2)(A), if applicable.

15

## V. CONCLUSION

For the reasons set forth herein, the Court hereby **ORDERS** the following:

1. It is hereby **ORDERED** that Case Number 3:09-CV-102 is **CONSOLIDATED** with Case Number 3:09-CV-69. Case number 3:09-CV-69 will be the lead case, and the parties are hereby **ORDERED** to file all pleadings in Case Number 3:09-CV-69.

2. Defendants Doug Moore, Paige Craig (captioned as "Lesley Craig"), Robert Berkely, Matthew Gilmore, and James Lee Berrong, all in their official capacities, and Blount County, Tennessee's Motion to Dismiss and/or Motion to Strike [Doc. 7] is hereby **GRANTED in part** and **DENIED in part.** The motion is granted to the extent that James Lee Berrong, in his official capacity, is **DISMISSED** from this action. Plaintiff's "Gunowners Rights" claim is also **DISMISSED**. The motion to dismiss is also granted to the extent that the GTLA and other state law claims in this matter shall be **REMANDED** to the Circuit Court for Blount County, Tennessee. The motion is denied in all other respects.

3. The Motion to Dismiss [Doc. 9] of Defendants Doug Moore, Paige Craig (captioned as "Lesley Craig"), Robert Berkely, Matthew Gilmore, in their individual capacities, is hereby **DENIED**.

4. The Motion to Amend/Revise Complaint [Doc. 12] of the Plaintiff, the Estate of Leeroy Hickman, Jr. ("the Estate"), is hereby **GRANTED in part** and **DENIED in part**. The motion is denied to the extent that the Court has granted in part Defendants' Motion to Dismiss [Doc. 7], as articulated above. In all other respects, Plaintiff's Motion to Amend is granted. Plaintiff is **DIRECTED** to file the amended complaint, *reflecting the rulings in this order*, within ten (10) days of the entry of this order.

5. Plaintiff's Motion for Discovery to Commence [Doc. 24] and Defendants' Motions for Protective Order [Doc. 26] and to Stay Discovery [Doc. 29] are hereby **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE