UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE ESTATE OF LEEROY HICKMAN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOUG MOORE, *et al.*, ) <br> ) <br> Defendants. ) | No.: 3:09-CV-69 <br> *Consolidated with* <br> 3:09-CV-102 <br> (VARLAN/SHIRLEY) |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiff's Motion to Reconsider Order Disallowing Count II "Gunowner Rights" Section 1983 Claim [Doc. 68 in case number 3:09-CV-69 and Doc. 60 in case number 3:09-CV-102].[1] Defendants filed a response brief and both parties filed supplemental briefs at the request of the Court [Docs. 73, 102, 103, 104]. Defendant Blount County, Tennessee ("defendant Blount County") also filed an addendum to its supplemental brief [Doc. 128]. Oral argument was heard on December 10, 2010 [Doc. 129]. The Court has carefully considered the filings and arguments of the parties in light of the applicable law, and, for the reasons explained below, the Court denies plaintiff's motion.

**I.   Relevant Background**

For purposes of the present ruling, the Court will assume familiarity with the facts underlying this litigation. The facts are recited in this Court's orders dated July 1, 2009 and November 9, 2009 [Docs. 32, 54].

---

[1] The filings in case numbers 3:09-CV-69 and 3:09-CV-102 duplicate one another. For ease of reference, the Court cites only to those documents filed in case number 3:09-CV-69.

On July 1, 2009, this Court entered a memorandum and order denying plaintiff's motion to amend the complaint to include a section 1983 "gunowner's rights" claim pursuant to which plaintiff attempted to assert that defendants targeted him because he was a member of the class of private citizens who exercise their Second Amendment rights to keep and bear arms [Doc. 32]. Plaintiff also alleged as part of this claim that defendant Blount County would be liable under section 1983 for deliberate indifference [*Id.*]. The Court noted that, "[i]n the absence of binding authority expressly recognizing the applicability of the Second Amendment to states and local entitles, the Court will continue to follow the still valid Sixth Circuit precedent on this issue [which has recognized that the "Due Process Clause of the Fourteenth Amendment does not incorporate the Second Amendment]" [*Id.*].

Plaintiff now moves the Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for the entry of an order reconsidering the July 1, 2009 order denying plaintiff's motion to amend the complaint and the proposed "Count Two – Gunowner Rights Violations of Title 42 USC § 1983 and 1988 and County Liability" [Docs. 68, 69]. In support, plaintiff argues that the Supreme Court decided *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), which "constitutes binding authority requiring a reconsideration of the Court's earlier decision disallowing Count II of the proposed Amended Complaint" [*Id.*].

In response, defendant Blount County, Tennessee ("defendant Blount County") argues that the motion is futile, that the motion seeks to reinstate a claim of a constitutional right that did not exist on the date of the incident sued upon, that allowing the claim at this time would be improper because section 1983 liability requires allegations and proof that the defendants

did not act with a reasonable belief that the acts were lawful and constitutional and were done with deliberate indifference, and that the motion seeks to reinstate a claim for the claimed constitutional violation of another, Janice Hickman, who is not a party to this action [Doc. 73].

After reviewing the parties' motion papers, and in light of the Court's ruling, the Court ordered supplemental briefing as to whether *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), applies retroactively in this case [Doc. 99]. The Court also requested that the parties address the standard for motions made pursuant to Rule 60(b)(6) [*Id.*].

In plaintiff's supplemental brief, plaintiff asserts that its proposed gunowner's right claim "does not seek retroactive application of a new law, rather . . . prospective justice unimpeded by the artificial barrier that <u>Presser v. Illinois</u> and its progeny commanded" [Doc. 104]. Plaintiff argues that the fundamental right guaranteed by the Second Amendment has long existed and we now have "full legal recognition of what citizens (including law enforcement) have always known[:] that governmental authority does not trump a citizen's Second Amendment rights to keep and bear arms in his own home" [*Id.*]. Also, plaintiff asserts that *McDonald* entitles "individuals to complain under 42 U.S.C. § 1983 of a violation of their civil rights related to the Second and Fourteenth Amendments" [*Id.*]. These points were reiterated during oral argument.

In defendant Blount County's supplemental brief, defendant Blount County argues that plaintiff's reliance on Rule 60(b)(6) may be misplaced because no final judgment has been entered; rather, common law and Rule 54(b) allow the Court to reconsider interlocutory

3

orders only as justice requires [Doc. 102]. With respect to the retroactivity of *McDonald*, defendant Blount County cites to *Harper v. Virginia Department of Taxation*, 509 U.S. 86 (1993), for the proposition that "the application of a rule of federal law requires every court to give retroactive effect to that decision," but submits that neither *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), nor *McDonald* were made retroactive by the Supreme Court and that its research has revealed no case holding them retroactive [*Id.*]. It also argues that *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995), should be considered in determining whether to apply *McDonald* [Doc. 128].

Defendant Blount County further submits and reiterates that on the date of the incident underlying this action, "no judicial holding recognized an 'individual' right to keep and bear arms in self defense in one's home under the 2nd Amendment" [*Id.*]. Defendant Blount County's liability arises from the deliberate indifference of its policy, procedure, or custom causing a constitutional tort, and it argues that it could not have been deliberately indifferent to a constitutional right of which it did not have notice [*Id.*]. These arguments also were discussed during oral argument.

Defendants Doug Moore, Paige Craig, and Robert Berkley (together, the "individual defendants"), each in their individual capacities, joined in defendant Blount County's supplemental brief [Doc. 103].

## II. Standard of Review

Although plaintiff has framed the pending motion as one made pursuant to Rule 60(b)(6)[2] of the Federal Rules of Civil Procedure, the Court notes that plaintiff's reliance on Rule 60(b)(6) is misplaced as there has been no final judgment in this case [Doc. 102]. Indeed, an order denying a motion to amend the complaint is not a final order. *Shumaker v. Combined Ins. Co. of Am.*, 869 F.2d 1493 (table), 1989 WL 20573 (6th Cir. Feb. 21, 1989).

Nevertheless, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942, 945-46, 2004 WL 3008778, at *3 (6th Cir. Dec. 29, 2004) (citation omitted). This power stems from common law and Rule 54(b) of the Federal Rules of Civil Procedure.[3] *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959,

---

[2] Plaintiff mentions Rule 60(b)(5) in his supplemental brief as well. The Court, however, declines to address this provision of Rule 60(b) as it was not raised in plaintiff's initial moving papers and was mentioned without explanation of applicability in the supplemental brief [*See* Doc. 104]. Further, plaintiff did not argue the application of Rule 60(b)(5) during oral argument.

[3] Rule 54(b) provides:

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief-whether as a claim, counterclaim, cross claim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Proc. 54(b).

2004 WL 237651, at *8 (6th Cir. Feb. 6, 2004). Reconsideration of an interlocutory order is appropriate where there is an intervening change of controlling law, new evidence available, or a need to correct a clear error or prevent manifest injustice. *Id.*

Even so, plaintiff urges that the motion is governed by Rule 60(b)(6). Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that a party may obtain relief from a final judgment, order, or proceeding for: "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is known as the catch-all provision and the Sixth Circuit has stated that the provision should be applied only in "unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Indeed, the rule sets a high standard as "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgment and termination of litigation'" as well as because "'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Id.* (citations omitted).

With respect to intervening developments in the law, it is well-settled that they, "by themselves[,] rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). *See also Blue Diamond*, 249 F.3d at 524. Such is true "even if a law is invalidated on state or federal constitutional grounds." *Id.* (citations omitted). Courts, instead, require "some other special circumstance" coupled with a change in decisional law. *Id.* (citations omitted).

**III. Analysis**

In *Harper v. Virginia Dept. of Taxation*, the Supreme Court addressed the retroactivity of its decisions:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

509 U.S. 86, 97 (1993). The Supreme Court also has indicated that, even though a new rule of law may apply retroactively to pending cases, courts "will find instances where that new rule, for well-established reasons, does not determine the outcome of the case." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758-59 (1995). For example, in deciding that a new rule does not determine the outcome of the case,

> a court may find (1) an alternative way of curing the constitutional violation, or (2) a previously existing, independent legal basis (having nothing to do with retroactivity) for denying relief, or (3) as in the law of qualified immunity, a well-established general legal rule that trumps the new rule of law, which general rule reflects both reliance interests and other significant policy justifications, or (4) a principle of law, such as that of "finality" . . . that limits the principle of retroactivity itself.

*Id.* at 759.

The Court finds such is the case here. Even assuming that *McDonald* applies retroactively to this case under *Harper*, plaintiff still would not be entitled to amend the complaint to include a section 1983 "gunowner rights" claim for other well-established reasons. Indeed, the proposed amendment is futile even under the new rule of law. *See Jet,*

*Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 425 (6th Cir. 1999) (noting that futility is an appropriate grounds on which to deny a motion to amend).

With respect to the individual defendants who have asserted qualified immunity as a defense in this action, plaintiff claimed in the motion to amend that the individual defendants targeted him "because he was a member of the class of private citizens who exercise their Second Amendment Rights to keep and bear arms" [Doc. 32]. To prevail on such a claim, plaintiff would have to demonstrate that, through their actions, the individual defendants violated a clearly established right of which a reasonable person would have known. *Holzemer v. City of Memphis*, No. 09-5086, 2010 WL 3565501, at *4 (6th Cir. Sept. 15, 2010) (citations omitted). For a constitutional right to be clearly established, the contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Reynoldsville Casket*, the Supreme Court discussed the scenario where a (1) a plaintiff sues a police officer claiming injury because of an unconstitutional arrest, (2) the police officer asserts the arrest was constitutional, (3) the Supreme Court then holds in a different case that an identical arrest is not constitutional, and (4) the holding of the identical case applies retroactively to the plaintiff's case. 514 U.S. at 757. The Supreme Court pointed out that, despite the new rule of law, the police officer still would prevail "on grounds of qualified immunity because the new rule of law was not 'clearly established' at the time of the arrest." *Id.* (citation omitted).

The Court finds this rational applicable here. Although plaintiff asserts that there was a right under the Second Amendment to keep and bear arms in one's home that existed prior to *McDonald*, at the time of the incident involved in this action, the Due Process Clause of the Fourteenth Amendment did not incorporate the Second Amendment. Hence, any claimed violation of a Second Amendment right could not have been defined with the appropriate level of specificity to be clearly established such that the individual defendants would have known that what they were doing violated the Second Amendment. Allowing plaintiff's gunowner rights claim to proceed against the individual defendants, therefore, would be futile.

With respect to defendant Blount County, plaintiff proposed in the motion to amend that the county would be liable under section 1983 for deliberate indifference [Doc. 32]. In order to prevail on such a claim, plaintiff would have to demonstrate a deliberate indifference of the county's policy, procedure, or custom causing a constitutional tort. *See Davenport v. Simmons*, 192 F. Supp. 2d 812, 824 (W.D. Tenn. 2001) (citations omitted). Defendant Blount County argues that it had no policy, procedure, or custom relating to the Second Amendment in February 2008 because the constitutional right to keep and bear arms in one's home did not apply to any state, county, or municipality. Plaintiff has pointed to no reason why defendant Blount County would have had to have such a policy, procedure, or custom at that time, nor to any policy, procedure, or custom that existed at that time upon which liability could be based. Accordingly, the Court finds that allowing plaintiff's gunowner rights claim to proceed against defendant Blount County would be futile as well.

Finally, even if the Court were to consider plaintiff's request under Rule 60(b)(6), which the Court does not deem appropriate at this stage of the litigation, the Court finds that plaintiff has failed to meet the required burden. Plaintiff has not even attempted to assert an extraordinary or special circumstance that would warrant the rule's relief. *See Agostini*, 521 U.S. at 239.

**IV.     Conclusion**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Reconsider Order Disallowing Count II "Gunowner Rights" Section 1983 Claim [Doc. 68 in case number 3:09-CV-69 and Doc. 60 in case number 3:09-CV-102].

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan  
                                                UNITED STATES DISTRICT JUDGE