UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| THE ESTATE OF LEEROY HICKMAN, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:09-CV-69 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| DOUG MOORE, LESLEY CRAIG, | ) | |
| ROBERT BERKLEY, MATTHEW GILMORE, | ) | |
| JOHN DOE I, and | ) | |
| BLOUNT COUNTY, TENNESSEE, | ) | |
| Defendants. | ) | |

| THE ESTATE OF LEEROY HICKMAN, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:09-CV-102 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| DOUG MOORE, LESLEY CRAIG, | ) | |
| ROBERT BERKLEY, MATTHEW GILMORE, | ) | |
| JOHN DOE I, and | ) | |
| BLOUNT COUNTY, TENNESSEE, | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Order [Doc. 154][1] of the District Court referring the Plaintiff's Motion for Rule 54(b) Certification or Alternatively for 28 U.S.C. § 1292(b) Relief [Doc. 149] to the undersigned for report and recommendation.

On January 14, 2011, the Court entered an Memorandum Opinion [Doc. 141] finding the actions of Defendants Lesley Craig, Robert Berkley, and Matthew Gilmore were covered by the

---

[1] Except where otherwise noted, document references herein are made to the first-filed of these cases, Case No. 3:09-CV-69.

doctrine of qualified immunity. On this basis, the Court granted summary judgment in favor of Defendants Craig, Berkley, and Gilmore. [Doc. 140]. The Court also found Defendant Blount County, Tennessee, was entitled to summary judgment in its favor on the claims against it. The Court, however, found that Defendant Doug Moore was not entitled to qualified immunity, and the Court found summary judgment in his favor was not appropriate. On January 21, 2011, Defendant Moore filed a Notice of Appeal [Doc. 148], stating that he was appealing the Court's denial of qualified immunity to the Court of Appeals for the Sixth Circuit.

On January 24, 2011, the Plaintiff filed the instant motion requesting that the Court enter a final judgment as to all claims and parties in this cause. [Doc. 149 at 1]. The Plaintiff maintains that there is no just reason for delay in entering a judgment in this matter. The Plaintiff seeks a judgment so that it can appeal the rulings that are adverse to its interests immediately. The Defendants have filed no response to the Plaintiff's request, and the time for doing so has passed, see E.D. Tenn. LR 7.1 and Fed. R. Civ. P. 6(d), 5(b)(2)(E).

Rule 54(b) of the Federal Rules of Civil Procedure directs:

> When an action presents more than one claim for relief . . .or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

In this case, the Court finds that there is no just reason for delaying entry of a final judgment in this matter. In his Notice of Appeal, Defendant Moore states that the issue he intends to present to the Court of Appeals is the Court's failure to grant him qualified immunity. The Plaintiff also seeks to appeal rulings related to the Court's decision on qualified immunity, except that the Plaintiff

will appeal the Court's decision to grant qualified immunity to Defendants Craig, Berkley, and Gilmore. All of the arguments to be presented by the Plaintiff and the Defendants will, almost certainly, relate to the same facts and the application of the qualified immunity doctrine to those facts.

Thus, the Court finds that the simultaneous appeal of these issues would save the time and resources of the parties, this Court, and the Court of Appeals. The Court finds that there is "no just reason for delay[ing]," entry of a final judgment under Rule 54(b), as to Defendants Lesley Craig, Robert Berkley, Matthew Gilmore, and Blount County, Tennessee. Accordingly, the undersigned **RECOMMENDS**[2] that the Motion for Rule 54(b) Certification or Alternatively for 28 U.S.C. § 1292(b) Relief **[Doc. 149 in 3:09-CV-69 and Doc. 141 in 3:09-CV-102]** be **GRANTED**, to the extent stated above, and the undersigned **RECOMMENDS** that the District Judge direct the Clerk of Court to **ENTER** a final judgment in this matter, pursuant to Rule 54(b).

Respectfully Submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).