UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

THE ESTATE OF LEEROY HICKMAN, JR.,  )
                                            )
              Plaintiff,                  )
                                            )
v.                                          )     No.:   3:09-CV-69
                                            )           *Consolidated with*
DOUG MOORE, *et al.*,               )           3:09-CV-102
                                            )           (VARLAN/SHIRLEY)
              Defendants.        )

## MEMORANDUM OPINION AND ORDER

This action is before the Court for consideration of the Report and Recommendation

(the "R&R") entered by United States Magistrate Judge C. Clifford Shirley on February 11,

2011 [Doc. 156][1] and on the Objection to the Magistrate's Report and Recommendation to

Grant Rule 54(b) Relief and/or 28 U.S.C. § 1292(b) Relief submitted by defendants Doug

Moore ("Moore"), Lesley Craig ("Craig"), Robert Berkley ("Berkley"), and Matthew

Gilmore ("Gilmore") (Moore, Craig, Berkley, and Gilmore, together, the "individual

defendants") [Doc. 158].[2] Plaintiff has filed a response to defendants' objection [Doc. 160].

Defendant Blount County, Tennessee ("defendant Blount County") filed neither a response

to plaintiff's motion nor an objection to the R&R.

---

[1] For ease of reference, the Court refers to the documents filed in case number 3:09-CV-69, which duplicate those filed in case number 3:09-CV-102.

[2] Defendant Moore suggests that the Court may lack jurisdiction over him as a result of him filing a notice of appeal with the United States Court of Appeals for the Sixth Circuit [Docs. 148, 159]. This Court, however, is divested only of "its control of those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citation omitted).

## I.    Background

The Court previously ruled on several motions relevant to the instant matter: on January 4, 2011, the Court denied plaintiff's motion to reconsider the order disallowing plaintiff's Count II "gunowner rights" section 1983 claim [Doc. 139]; and on January 14, 2011, the Court granted in part and denied in part the individual defendants' motion for summary judgment asserting qualified immunity finding that only defendants Craig, Berkley, and Gilmore were entitled to qualified immunity, granted defendant Blount County's motion for summary judgment, denied plaintiff's appeal and objection to the magistrate's ruling denying Rule 56(f) continuance for discovery and granting the motion for a protective order, and denied plaintiff's Rule 56(f) motion to hold in abeyance a ruling on defendant Blount County's motion for summary judgment until oral discovery is conducted and all cell phone records are produced [Doc. 140].  Given that the Court extensively addressed those motions in prior memorandum opinions, the Court will not re-visit them here; rather, readers are referred to the memoranda addressing those motions for details [*See* Docs. 139, 141].

Subsequent to the Court's orders, defendant Moore provided the Court with notice of his appeal to the United States Court of Appeals for the Sixth Circuit of this Court's order denying him qualified immunity [Doc. 148].  Shortly thereafter, plaintiff filed a motion for Rule 54(b) certification, or alternatively for 28 U.S.C. § 1292(b) relief [Doc. 149].  The Court referred plaintiff's motion, along with a motion to quash notices to take various depositions, to Magistrate Judge Shirley for his consideration and determination or report or recommendation, as appropriate [Doc. 154].  Magistrate Judge Shirley granted the motion

to quash [Doc. 155] and entered the R&R presently before the Court with regards to plaintiff's motion for certification [Doc. 156].

The R&R recommends that plaintiffs' motion be granted and that the Court enter a final judgment in this matter pursuant to Rule 54(b) of the Federal Rules of Civil Procedure [*Id.*]. After noting that there was no response from any defendant, Magistrate Judge Shirley found there "is no just reason for delaying entry of final judgment in this matter" [*Id.*]. In support, Magistrate Judge Shirley noted that defendant Moore seeks to appeal the order denying him qualified immunity and plaintiff seeks "to appeal rulings related to the Court's decision on qualified immunity" with respect to defendants Craig, Berkley and Gilmore, thus "[a]ll of the arguments to be presented by [plaintiff] and [defendants] will, almost certainly, relate to the same facts and the application of the qualified immunity doctrine to those facts" [*Id.*]. Magistrate Judge Shirley further found that "the simultaneous appeal of these issues would save the time and resources of the parties, this Court, and the Court of Appeals" [*Id.*]. Although defendants did not respond to plaintiff's motion prior to the issuance of the R&R, defendants filed an objection to the R&R [Doc. 158].

## II.     Standard of Review

The Court must conduct a *de novo* review of those portions of the R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    Analysis

### A.    Procedural Issues

As an initial matter, the Court finds it appropriate to discuss a procedural matter relating to the individual defendants' objection to the R&R. In the R&R, Magistrate Judge Shirley noted that none of the defendants filed a response to plaintiff's motion for certification, and that the time for doing so had passed [Doc. 156]. Indeed, as plaintiff points out, none of the defendants filed a response to plaintiffs' motion prior to the issuance of the R&R [*See* Doc. 160]. The individual defendants, nevertheless, filed an objection to the R&R, which takes issue with both the analysis of Magistrate Judge Shirley as well as the relief sought by plaintiff.

Although plaintiff does not raise waiver, it is arguable that the individual defendants' failure to respond to the plaintiffs' motion prior to the issuance of the R&R "waived any objections to the motion, and, thus, the recommendation." *See MW Mapleleaf Partners, LLC v. Fifth Third Bank, Inc.*, No. 5:09-380-KKC, 2010 WL 5463299, at *1 (E.D. Ky. Dec. 22, 2010) (finding that certain parties waived objections to a motion and the related recommendation because, despite orders from the magistrate judge that they respond to the motion, they failed to respond to the motion and failed to appear at a hearing held by the magistrate judge on the motion). Indeed, failing to respond to a motion referred to a

magistrate judge and then opposing the motion in an objection to a report and recommendation issued by the magistrate judge circumvents the entire referral process.

The Court, however, will review the individual defendants' objection because the Court finds Magistrate Judge Shirley may have incorrectly determined that plaintiff's motion was not dispositive and allowed only fourteen days for defendants to respond, rather than twenty-one days. *See Vitols v. Citizens Banking Co.*, 984 F.2d 168, 168-70 (6th Cir. 1993) (holding that "a magistrate judge, acting pursuant to . . . § 636(b)(1) . . . , has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under 28 U.S.C. § 1292(b)"). *See also* E.D.TN. LR 7.1(a) (indicating that answering briefs and related material must be served and filed "no later than 14 days after the service of the opening brief, except that parties shall have 21 days in which to respond to dispositive motions[.]").[3] Moreover, even if Magistrate Judge Shirley was correct in allowing only fourteen days for defendants to respond to plaintiff's motion, the Court finds it appropriate to consider the merits of the objection because plaintiff has not raised waiver.

## B. Substantive Issues

The individual defendants identify three alleged errors of Magistrate Judge Shirley: (1) that he erred in not setting forth adequate grounds to grant Rule 54(b) certification or relief pursuant to 28 U.S.C. 1292(b); (2) that he erred in finding that plaintiff's motion for

---

[3] The Court notes that, pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, an additional three days are added to the fourteen and twenty-one day periods if service is made under Rule 5(b)(2)(C), (D), (E), or (F). Fed. R. Civ. P. 6(d).

certification should be granted because defendant Moore's rights under the qualified immunity doctrine may be substantially prejudiced by plaintiff's appeal; and (3) that he erred in recommending that the Court grant 28 U.S.C. § 1292(b) relief because such relief is improper under the circumstances of this case and the requirements of 18 U.S.C. § 1292(b) [Doc. 159].

> **1.  The Individual Defendants' Contention that Magistrate Judge Shirley Erred in Not Setting Forth Adequate Grounds to Grant Rule 54(b) Certification or 28 U.S.C. § 1292(b) Relief**

> **a.  Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure allows a district court to certify interlocutory review of certain orders prior to the ultimate disposition of a case. *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). It provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court." *Gen. Acquisition Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1997). It is reserved for the "infrequent harsh case" and is "not to be used routinely or as a courtesy or accommodation to counsel." *Woods v. Willis*, No. 3:09CV2412, 2011 WL 441697, at *2 (N.D. Ohio Feb. 3, 2011) (quoting, among others, *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983), and *Manor Care, Inc. v. First Specialty Ins. Corp.*, No. 3:03CV7186, 2006 WL 3097193, at *1 (N.D. Ohio Oct. 30, 2006)). The decision whether to certify a claim for immediate appeal, however, is left to the discretion of the Court. *Id.* (citing *Schemmer v. ChartONE, Inc.*, No. 1:05-cv-02923, 2009 WL 2344751, at *1 (N.D. Ohio Aug. 15, 2009)).

In assessing a request for Rule 54(b) certification, the Court must make two determinations: (1) that it may enter final judgment as to one or more, but fewer than all, claims or parties, and (2) that there is no just reason for delay. *See Gen. Acquisition Inc.*, 23 F.3d at 1027.

### (1)  Final Judgment

Although defendants do not specifically cite such as error, Magistrate Judge Shirley did not make a finding that the Court could enter final judgment as to one or more, but fewer than all, claims or parties. Accordingly, the Court considers whether it may enter final judgment.

The Sixth Circuit has declared that a "final judgment" may enter as to a decision of the Court that is the "ultimate disposition" of one or more, but not all, of the claims or parties in a case. *Lowery*, 426 F.3d at 821. Here, there are five decisions of the Court of which plaintiff apparently seeks final judgment:[4] (1) the Court's order denying plaintiff's motion to reconsider the order disallowing the "gunowner rights" section 1983 claim (hereinafter referred to as "plaintiff's motion to reconsider"); (2) the Court's order granting defendants Craig, Berkley, and Gilmore summary judgment on the basis of qualified immunity; (3) the Court's order granting defendant Blount County's motion for summary judgment on all claims asserted against it; (4) the Court's order denying plaintiff's appeal and objection to the magistrate judge's ruling denying plaintiff's Rule 56(f) continuance for discovery and granting defendants' motion for a protective order; and (5) the Court's order denying plaintiff's Rule 56(f) motion to hold in abeyance a ruling on defendant Blount County's motion for summary judgment until oral discovery is conducted and all cell phone records are produced.

With respect to the Court's orders granting defendants Craig, Berkley, and Gilmore summary judgment on the basis of qualified immunity and granting defendant Blount County's motion for summary judgment on all claims asserted against it, the Court entered an ultimate disposition regarding those defendants. Thus, the Court finds it appropriate to

---

[4] Plaintiff's motion is somewhat unclear as to which decisions of the Court plaintiff seeks certification, but, seemingly, plaintiff requests certification as to the decisions set forth in the Court's January 4, 2011 and January 14, 2011 orders adverse to plaintiff [Docs. 139, 140].

enter final judgment as to these orders, as well as to the related orders denying plaintiff's appeal and objection to the magistrate judge's ruling denying plaintiff's Rule 56(f) continuance for discovery and granting defendants' motion for a protective order and denying plaintiff's Rule 56(f) motion to hold in abeyance a ruling on defendant Blount County's motion for summary judgment until oral discovery is conducted and all cell phone records are produced (all such motions are hereinafter collectively referred to as the "summary judgment motions" and all such decisions on the same are hereinafter collectively referred to as the "summary judgment decisions").

With respect to the Court's order denying plaintiff's motion to reconsider, the Court finds that its judgment does not represent the ultimate disposition of an individual claim. The Sixth Circuit has indicated that, where two theories of liability are sought arising from a single transaction, neither claim will be final until both have been decided. *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir.1978) (stating that "[e]ven though different theories of liability may have been asserted, the concept of a 'claim' under Rule 54(b) denotes the aggregate of operative facts which give rise to a right enforceable in the courts") (citation and some internal quotation marks omitted).

Plaintiff's proposed gunowner rights claim was one theory asserted against all defendants, including defendant Moore [*See* Doc. 139 (noting that plaintiff claimed that the individual defendants targeted him "because he was a member of the class of private citizens who exercise their Second Amendment Right to keep and bear arms")]. This theory of recovery, however, was based on the same facts as the theory of recovery still existing

against defendant Moore.  Accordingly, the Court dismissed plaintiff's "gunowner rights" theory but it did not extinguish plaintiff's claim.  Under *Lowery*, the Court cannot make the first determination required for Rule 54(b) certification with respect to this decision.  *See In re Regions Morgan Keegan Open-End Fund Litig.*, No. 07-2784, MDL 2009, 2010 WL 5464792 (W.D. Tenn. Dec. 30. 2010) (assessing plaintiffs' request that the court certify its judgment dismissing their "'34 Act claims" and finding that the court could not make a finding as to the first element required for Rule 54(b) relief because the court dismissed a theory of recovery, not a claim).

### (2)    No Just Reason for Delay

With respect to the second determination, the Court must "weigh competing factors involved in the certificate decision and express that balancing in the certificate of appealability."  *Sidney Coal Comp., Inc. v. Social Sec. Admin.*, 98 F. App'x 378, 380 (6th Cir. 2004) (unpublished) (citations omitted).  The Sixth Circuit has set forth a non-exhaustive list of such factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Lowery*, 426 F3d at 822 (quoting *Gen. Acquisition*, 23 F.3d at 1030).

Although defendants cite as error Magistrate Judge Shirley's failure to consider these factors, they fail to provide an assessment of such factors in their objection. Plaintiff, on the other hand, sets forth such an assessment in the response to defendants' objection [Doc. 160]. As the Court has determined that no final judgment may be entered with respect to the decision concerning plaintiff's motion to reconsider, the Court will address the factors only with respect to the summary judgment decisions.

Magistrate Judge Shirley considered the first factor, stating:

All of the arguments to be presented by the Plaintiff and the Defendants will, almost certainly, relate to the same facts and the application of the qualified immunity doctrine to those facts.

This Court agrees. Although the Court is aware that, generally, the interrelationship between adjudicated and unadjudicated claims weigh against certification under Rule 54(b), *see Lowery*, 426 F.3d at 822 (noting that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that [the Court of Appeals] will have to revisit the same facts under a different theory in a second appeal"), it finds that this case is exceptional with respect to the interrelationship between the adjudicated and unadjudicated claims because defendant Moore has taken an interlocutory appeal on the unadjudicated claim [*See* Doc. 141]. The arguments plaintiff could present with respect to the Court's granting summary judgment in favor of defendants Craig, Berkley, Gilmore, and Blount County (*i.e.*, the adjudicated claims) involve the same factual record as that relating to defendant Moore's appeal (*i.e.*, the unadjudicated claim). Thus, in deciding defendant Moore's appeal, the Court of Appeals necessarily will have to consider the same facts upon

which the Court granted the other defendants qualified immunity from suit and upon which the Court granted defendant Blount County summary judgment (and, likewise, upon which the Court relied in addressing the Rule 56(f) motions). Indeed, if the Court did not certify for appeal the summary judgment decisions, any later appeal by plaintiff on those decisions would be duplicative.

Magistrate Judge Shirley did not make any statements or findings concerning the second factor. Nevertheless, the Court finds that the need for review of the Court's decisions on the summary judgment motions would be mooted only if plaintiff chooses not to appeal, which seems unlikely, or if the Court decides to reverse itself, which the Court also considers unlikely. *See Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, No. 06-cv-413, 2009 WL 2899886, at *2 (Aug. 31, 2009) (addressing the factor in a similar manner).

Magistrate Judge Shirley also did not make any statements or findings concerning the third factor. As previously discussed, permitting appeal of the summary judgment motions at this time will preclude the Sixth Circuit from having to reconsider the issues and facts underlying the summary judgment motions a second time upon any later appeal.[5]

Likewise, Magistrate Judge Shirley did not make any statements or findings concerning the fourth factor. Nevertheless, there are no set-offs or counterclaims involved in this case.

---

[5] The Court recognizes that, even if it certifies for appeal the summary judgment decisions, a second appeal still is entirely possible. Nevertheless, given the exceptional circumstances set forth herein, the Court finds that the possibility that the reviewing court might be obligated to consider the same issue a second time is lessened by certifying the summary judgment decisions for appeal.

Magistrate Judge Shirley considered the final factor as he found that "the simultaneous appeal of these issues would save the time and resources of the parties, this Court, and the Court of Appeals" [Doc. 156]. The Court agrees and finds that immediate appeal of the summary judgment motions will minimize the parties' briefing costs and the time demands imposed on the Sixth Circuit. Further, immediate appeal of the summary judgment motions will not cause any delay in this case as defendant Moore, the only remaining defendant, has taken an interlocutory appeal of the denial of his request for qualified immunity.

In sum, and considering all the factors and relevant circumstances of this case, the Court finds that Rule 54(b) certification is appropriate with respect to the summary judgment decisions. The Court further finds that, in light of defendant Moore's interlocutory appeal, the needs of the parties outweigh the efficiency of appealing the summary judgment decisions at the conclusion of the case in its entirety. *See Lowery*, 426 F.3d at 822 ("The district court must determine whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable.") (citation and internal quotation marks omitted).

### b.     28 U.S.C. § 1292(b)

As the Court has found that Rule 54(b) certification is appropriate with respect to the summary judgment decisions, the Court will consider plaintiff's alternative request for

certification pursuant to 28 U.S.C. § 1292(b) with respect to only the Court's order denying plaintiff's motion to reconsider.

Section 1292(b) provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C § 1292(b) (emphasis in original). Federal Rule of Appellate Procedure 5(a)(3) permits a district court to amend its orders to include this language *sua sponte* or upon motion by a party. Fed. R. App. P. 5.

"Congress intended that section 1292(b) should be sparingly applied." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (quoting *Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3d Cir. 1958)). "It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." *Cardwell*, 504 F.2d at 446 (quoting *Milbert*, 260 F.2d at 433). It "is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Cardwell*, 504 F.2d at 446 (quoting *Milbert*, 260 F.2d at 433). Accordingly, the Sixth Circuit has held that an interlocutory appeal is appropriate under section 1292(b) when "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding

the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

The individual defendants assert that Magistrate Judge Shirley did not set forth adequate grounds to grant relief pursuant to section 1292(b). Indeed, Magistrate Judge Shirley conducted no analysis of section 1292(b) because he found Rule 54(b) certification appropriate. Nevertheless, the Court finds that section 1292(b) relief is appropriate with respect to the Court's decision on plaintiff's motion to reconsider.[6]

### (1)    Controlling Question of Law

A legal issue is controlling if it could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d at 351. "'[A]ll that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8

---

[6] The Court notes that in part C of the individual defendants' memorandum in support, the individual defendants assert that section 1292(b) relief is improper under the circumstances of this case and the requirements of the statute, and rely on *Cope v. Heltsley*, 128 F.3d 452, 456 (6th Cir. 1997) in support as an "indistinguishable" case [*See* Doc. 159]. The Court finds this opinion off-point as there is no analysis or mention of section 1292(b); rather, the opinion merely notes that a panel of the Sixth Circuit declined to allow interlocutory review of the disposition of plaintiffs' official capacity claims in conjunction with defendant's interlocutory appeal of the courts's denial of qualified immunity, even though plaintiffs obtained permission from the district court to seek interlocutory review of the disposition of their official capacity claims. Nonetheless, the individual defendants' discussion of section 1292(b) solely focuses on the request to appeal the Court's order granting defendants Craig, Berkley, and Gilmore summary judgment on the basis of qualified immunity. Given that the Court has found that Rule 54(b) certification is appropriate with respect to that decision, the Court does not find it appropriate to address whether section 1292(b) is or is not warranted. Therefore, the Court does not consider the argument set forth in part C in its analysis of whether section 1292(b) relief is appropriate in this case.

(6th Cir. 1992) (quoting *In re Cement Antitrust Legislation*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

As this Court noted in a previous decision in this case:

> Resolution of the Second Amendment issue in the plaintiff's favor on appeal could permit the plaintiff to raise a Second Amendment claim against state and local entities, including a claim alleging that the decedent was targeted by law enforcement because of his gun ownership. It is possible that the outcome in the district court could thus be materially affected by whether the plaintiff is able to present that claim. The first factor is satisfied for this reason.

[Doc. 54].

### (2) Substantial Ground for Difference of Opinion

Plaintiff' motion to reconsider was premised on the Supreme Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). Plaintiff argued that the fundamental right guaranteed by the Second Amendment has long existed and we now have "full legal recognition of what citizens (including law enforcement) have always known[:] that governmental authority does not trump a citizen's Second Amendment rights to keep and bear arms in his own home" [Doc. 104]. Also, plaintiff asserted that *McDonald* entitles "individuals to complain under 42 U.S.C. § 1983 of a violation of their civil rights related to the Second and Fourteenth Amendments" [*Id.*].

For purposes of section 1292(b), a substantial ground for a difference of opinion exists when "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylor Entm't Co. v. Gilmore Entm't*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001) (citation omitted). The

Court is unaware of any difference of opinion within the Sixth Circuit regarding the issues raised in plaintiff's motion to reconsider, nor it is aware that the circuits are split on the issues. However, *McDonald* was only recently decided and the Supreme Court held for the first time that the Second Amendment applies to the states. The implications of that ruling have not been addressed by this Circuit, and the Court is unaware that this Circuit specifically has addressed the issues raised in plaintiff's motion to reconsider. Thus, the Court finds that a substantial ground for a difference of opinion exists regarding the correctness of the decision.

### (3)    Immediate Appeal Would Materially Advance the Litigation's Ultimate Termination

"When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (citation omitted). Nevertheless, some courts have determined that an interlocutory appeal materially advances the ultimate termination of the litigation when it "save[s] judicial resources and litigant expense." *In re Regions Morgan Keegan Open-End Fund Litig.*, 2010 WL 5464792, at *4 (citing *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2005)). They note: "Interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *Id.* (citation omitted).

Although the litigation would be conducted in substantially the same manner regardless of the district court's decision, the Court finds that an interlocutory appeal would save judicial resources and litigant expense given that defendant Moore has filed an interlocutory appeal of the decision denying him qualified immunity and given the Court's finding that Rule 54(b) certification is appropriate with respect to the summary judgment decisions. Appealing the Court's order denying plaintiff's motion to reconsider would preclude a later appeal, which would involve many of the same facts as the appeals concerning the denial of qualified immunity and the summary judgment decisions. Moreover, despite the age of this case, the action still is in the early stages of litigation as it appears that little discovery has occurred. Accordingly, the Court finds that the third factor is satisfied.

In sum, the Court finds that all the factors required to certify the Court's decision regarding plaintiff's motion to reconsider for interlocutory appeal under 28 U.S.C. § 1292(b) are present. Magistrate Judge Shirley's recommendation therefore is sound. In accordance with this opinion, the Court amends its January 4, 2011 order to provide a certificate of appealability on the issues addressed therein [Doc. 139].

2.    **The Individual Defendants' Contention that Magistrate Judge Shirley Erred in Finding that Plaintiff's Motion for Certification Should be Granted Because Defendant Moore's Rights under the Qualified Immunity Doctrine May be Substantially Prejudiced by the Appeal of Plaintiff**

The individual defendants assert that, "[b]ased on the 'equities' of this case, Rule 54(b) certification should be denied" because "[defendant] Moore has certain rights under

18

the qualified immunity doctrine that have already been infringed and will continue to be infringed if Plaintiff Hickman is able to appeal [the January 4, 2011 and January 14, 2011 orders]" [Doc. 159]. Although the individual defendants submit a lengthy assessment of the Court's errors in denying defendant Moore qualified immunity, they fail to provide any support for their proposition. Indeed, the individual defendants fail to cite even one case where denial of a plaintiff's request for Rule 54(b) certification or section 1292(b) relief properly has been denied because a defendant seeks appeal of a denial of qualified immunity. *But see Abdulsalaam*, 2009 WL 2899886 (granting the parties' request for Rule 54(b) relief concerning the Court's grant of summary judgment in favor of certain defendants where one defendant appealed the Court's partial denial of summary judgment on qualified immunity grounds); *Aldini v. Johnson*, No. 3:07-cv-183, 2009 WL 650368 (S.D. Ohio Mar. 10, 2009) (granting plaintiff's request for Rule 55(b) certification where the court granted summary judgment as to two defendants and denied it as to the other two, and the latter two appealed). Accordingly, the Court finds the individual defendants' argument without merit and that Magistrate Judge Shirley did not err in failing to consider this point.

> **3.** **The Individual Defendants' Contention that Magistrate Judge Shirley Erred Recommending the Court Grant 28 U.S.C. § 1292(b) Relief Because Such Relief is Improper under the Circumstances of this Case and the Requirements of 18 U.S.C. § 1292(b)**

Given the Court's findings above, *see supra* part III.B.1.b., the Court finds it unnecessary to address the individual defendant's contention that Magistrate Judge Shirley

erred in recommending that the Court grant relief pursuant to section 1292(b). Nevertheless, Magistrate Judge Shirley made no such recommendation.

## IV. Conclusion

For all the reasons explained above, the individual defendants' objection [Doc. 158] is **SUSTAINED IN PART and OVERRULED IN PART**; Magistrate Judge Shirley's report [Doc. 156] is **ADOPTED IN PART and REJECTED IN PART**; and Magistrate Judge Shirley's recommendation [Doc. 156] is **ADOPTED IN PART on additional grounds**.

Plaintiff's Motion for Rule 54(b) Certification or Alternatively for 28 U.S.C. § 1292(b) Relief [Doc. 149] is **GRANTED**. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court certifies for appeal the following decisions: (1) the Court's order granting defendants Craig, Berkley, and Gilmore summary judgment on the basis of qualified immunity; (2) the Court's order granting defendant Blount County's motion for summary judgment on all claims asserted against it; (3) the Court's order denying plaintiff's appeal and objection to the magistrate judge's ruling denying plaintiff's Rule 56(f) continuance for discovery and granting defendants' motion for a protective order; and (4) the Court's order denying plaintiff's Rule 56(f) motion to hold in abeyance a ruling on defendant Blount County's motion for summary judgment until oral discovery is conducted and all cell phone records are produced. The Clerk shall **ENTER** final judgment dismissing all claims against defendants Craig, Berkley, Gilmore, and Blount County with prejudice for the reasons set forth in the Court's January 14, 2011 memorandum opinion [Doc. 141]. Pursuant to 28

U.S.C. § 1292(b), the Court certifies the decision set forth in the Court's January 4, 2011 order [Doc. 139] for appeal and amends that order to reflect the Court's finding that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE