UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| THE ESTATE OF LEEROY HICKMAN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-69 |
| | ) | | *Consolidated with* |
| DOUG MOORE, *et al.*, | ) | | 3:09-CV-102 |
| | ) | | (VARLAN/SHIRLEY) |
| Defendants. | ) | | |

### **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Plaintiff's Rule 62.1 Motion for Indicative Ruling [Doc. 165].[1] Defendant Blount County, Tennessee ("Blount County" or "defendant") filed a response in opposition [Doc. 167], and plaintiff replied [Doc. 169]. After careful consideration, the Court denies plaintiff's request for Rule 60(b) relief.

**I.    Background**

The Court assumes familiarity with the facts of this case [*See* Docs. 54, 139, 141]. Relevant to the instant motion is the Court's order denying plaintiff's Rule 56(f)[2] motion to hold in abeyance a ruling on defendant's motion for summary judgment until oral discovery is conducted and all cell phone records are produced and granting Blount County's motion for summary judgment [Doc. 140].

---

[1] Although the motion and related papers were filed in both Case Number 3:09-CV-69 and Case Number 3:09-CV-102, the Court cites to the lead case, Case Number 3:09-CV-69, only.

[2] Rule 56(f) became Rule 56(d) without substantial change as a result of the 2010 amendments to the Federal Rules of Civil Procedure, effective December 1, 2010.

Pursuant to Rule 56(f), plaintiff requested that the Court enter an order holding in abeyance the ruling on defendant's motion for summary judgment until plaintiff could obtain the following discovery: (1) records from the second cell phones of the officers involved in this case; (2) depositions of the officers who trained one of the officers involved in this case; and (3) depositions of two Rule 30(b)(6) witnesses designated by defendant [Doc. 115]. Plaintiff asserted the discovery sought was material because it would show that Blount County officials participated in the conduct of the individual officers [*Id.*]. The Court denied plaintiff's request, finding the discovery plaintiff sought either was not relevant to opposing defendant's motion or had already been produced by defendant [Doc. 141].

The Court also found plaintiff failed to refute defendant's request for summary judgment [*Id.*]. With respect to plaintiff's claim that Blount County had a custom or practice of arbitrary and unsupervised service of criminal warrants and allowed untrained and unsupervised deputies to arbitrarily and selectively serve said warrants in deliberate indifference to the rights of persons with whom the police come into contact, the Court determined plaintiff failed to submit evidence sufficient to establish that the county committed a constitutional violation [*Id.*].

Regarding plaintiff's claim that Blount County has an unconstitutional deadly force policy, the Court found the contention without merit because Blount County's deadly force policy tracks the language of the relevant Tennessee statutes as well as *Tennessee v. Garner*, 471 U.S. 1, 11 (1985), which held that deadly force may be used where there is probable cause to believe that a suspect poses a threat of serious physical harm and that "statutes with

2

such application would pass constitutional muster" [*Id.*]. In addition, the Court was unpersuaded that the policy or the language informing deputies that they may use deadly force when a suspect has the means and ability to injury others is unconstitutional [*Id.*].

Finally, with respect to plaintiff's claim that policy makers of Blount County, namely Chief James B. Long, participated in a plan to act against Hickman with excessive force, the Court found the argument without merit because plaintiff did not point to sufficient evidence to suggest Chief Long was the one who had the final authority to establish municipal policy with respect to the action ordered [*Id.*].

Thereafter, plaintiff filed a Rule 54(b) motion for certification, or alternatively for 28 U.S.C. § 1292(b) relief, which the Court granted [Doc. 161]. In relevant part, pursuant to Rule 54(b), the Court certified for appeal the following decisions: the Court's order granting defendant Blount County's motion for summary judgment on all claims asserted against it and the Court's order denying plaintiff's Rule 56(f) motion to hold in abeyance a ruling on defendant Blount County's motion for summary judgment until oral discovery is conducted and all cell phone records are produced [*Id.*].

Plaintiff filed an appeal, seeking review of these decisions [Doc. 163]. Plaintiff now seeks an indicative ruling "regarding plaintiff's request for relief from the [j]udgment in favor of Blount County" [Doc. 165]. In support of this request, plaintiff submits "newly discovered evidence": an in-cruiser video from March 25, 2011, obtained and edited by the Knoxville News Sentinel, which plaintiff claims shows a suspect being kicked repeatedly by defendant Moore and also stuck by the shoulder of a shotgun at least two times by the Sheriff

3

of Blount County [Doc. 165; Doc. 165-1]. Plaintiff's counsel obtained the video from the Knoxville News Sentinel on or about July 19, 2011, after learning about it on or about April 26, 2011 [*Id.*]. Plaintiff claims the video compels reconsideration of the theories against Blount County, or at a minimum, reconsideration of the denial of plaintiff's Rule 56(f) motion [*Id.*].

**II.     Analysis**

    **A.     The Court's Authority to Issue a Ruling on Plaintiff's Motion**

The filing of a notice of appeal generally divests the district court of jurisdiction to rule on a Rule 60(b) motion. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) ("After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." (citation omitted)); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) ("As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." (citation omitted)).

Rule 62.1 of the Federal Rules of Civil Procedure, however, provides that if a court lacks authority to grant a timely motion for relief because an appeal has been docketed and is pending, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." If a court states that it would grant the motion or that the motion raises a substantial issue, the Court of Appeals can remand the case to the district

4

court. Fed. R. App. P. 12.1(b). The Court observes that Rule 62.1 does not provide for relief itself; rather, it provides the Court with authority to entertain a motion for relief, including, for example, a Rule 60(b) motion. *See* Rule 62.1 advisory committee's note.

Because plaintiff's motion is brought pursuant to Rule 60(b)(2) and (6) in addition to Rule 62.1, the Court construes plaintiff's motion as one for relief pursuant to Rule 60(b)(2) and (6), and will rule on plaintiff's request for relief from judgment in accordance with Rule 62.1. Hence, the Court may defer considering the request for Rule 60(b) relief, deny the request for Rule 60(b) relief, state that it would grant the request for Rule 60(b) relief, or state that the request for Rule 60(b) relief raises a substantial issue.

### B. Plaintiff's Request for Relief from Judgment

In relevant part, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The rule sets a high standard as "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgment and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th

Cir. 2001) (citation omitted). A party seeking relief under the rule bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

Also, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Although defendant does not contest the timeliness of plaintiff's motion, the Court recognizes that plaintiff's motion, filed on August 5, 2011, is timely as it pertains to the order entered by the Court on January 14, 2011 [Doc. 140].

### 1. Rule 60(b)(2)

In order to prevail under Rule 60(b)(2), a party must demonstrate (1) "that it exercised due diligence in obtaining the information" and (2) that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998) (internal quotation marks and citation omitted). "In other words, the evidence cannot be merely impeaching or cumulative." *Id.* The decision to grant relief under Rule 60(b)(2) rests in the discretion of the district court. *Id.*

#### a. The Video is Not Newly Discovered Evidence

Plaintiff argues post-event evidence of municipal liability is relevant under Rule 401 of the Federal Rules of Evidence and cites two cases, *Loza v. Lynch*, 625 F. Supp. 850 (D. Conn. 1986), and *Foley v. City of Lowell, Mass.*, 948 F.2d 10 (1st Cir. 1991)—both of which

6

stem from courts outside the Sixth Circuit—in support [Doc. 165]. In *Loza*, in addressing a motion to dismiss, the district court found evidence of inaction by the defendant city in light of citizens' complaints about the officer at issue, "even though occurring after the incident set forth in plaintiff's complaint, . . . probative of the existence *vel non* of . . . a policy or custom" "allowing a known dangerous individual to be clothed in the authority of the [c]ity police force." 625 F. Supp. at 854. In *Foley*, the First Circuit addressed the admissibility of evidence at trial and found that actions taken subsequent to an event are admissible if they provide reliable insight into the policy in force at the time of the incident. 948 F.2d at 14. The Court finds these cases inapposite as neither of them relate to a request for post-judgment relief.

Moreover, it is well established in the Sixth Circuit that "newly discovered evidence" must relate to evidence that existed at the time of trial. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.3d 129, 136 (6th Cir. 1990). Plaintiff seeks the Court to reconsider the decisions set forth in its January 14, 2011 order [Doc. 140]. However, the newly discovered evidence—the video from March 25, 2011—does not relate to evidence that existed at the time of that order; rather, it relates to evidence that came into existence months later. Indeed, plaintiff recognizes the "video does show new facts which happened on March 25, 2011" [Doc. 169]. *See Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 428 (6th Cir. 2009) (finding a Rule 60(b)(2) motion failed as matter of law because letters relied upon did not exist at time of trial and, therefore, were not "newly discovered evidence"); *McFall v. Patton*, No. 99–5709, 2000 WL 1721043, at *2 (6th Cir. Nov. 8, 2000)

7

(unpublished) ("The alleged evidence was evidence that came into existence after judgment was entered and this does not qualify as 'newly discovered evidence' under Rule 60(b)(2).").

### b. The Video is Cumulative and Would Not Produce a Different Result

Assuming the video is newly discovered evidence, defendant argues that it is inadmissible, cumulative, and would not have produced a different result if presented previously. Without considering the admissibility of the video, the Court agrees it is cumulative and also finds it would not have produced a different result with respect to the Court's decisions granting defendant's motion for summary judgment and denying plaintiff's Rule 56(f) motion.

First, plaintiff's own argument demonstrates that the evidence is cumulative. Plaintiff admits that "the video . . . is further evidence that Blount County had a policy of excessive force." [Doc. 166; *see also* Doc. 165 ("The approval by Blount County of the use of excessive force is not a new issue for plaintiff in this cause.")]. Indeed, plaintiff previously contended that the manner in which Blount County handled excessive force complaints demonstrated a custom and practice of approving excessive force, and plaintiff even pointed to complaints filed against defendant Moore [*See* Doc. 123].

Second, even if not cumulative, the Court finds the video would not have produced a different result as to Blount County. Considering the video in connection with evidence submitted by Blount County regarding the handling of the events depicted on the video, the Court cannot find that Blount County has or had a policy or custom of indifference to

8

excessive force or approving excessive force. After the incident, a "Blount County Sheriff's Office Use of Force Report" was filed, and an investigation was conducted [Doc. 167]. A determination was made that Blount County Sheriff's Office policies had been violated, and it was recommended to evaluate the need for a refresher or additional training on use of force in relation to hand-to-hand situations and restraint of violent or resistant individuals and to take administrative action, both of which were followed [*Id.*]. Thus, plaintiff's assertion that the video is further evidence that Blount County had an excessive force policy or approves of excessive force lacks merit, and consideration of the video would not have produced a different result with respect to Blount County's motion for summary judgment.[3]

Likewise, consideration of the video in connection with defendant's explanation of the handling of the events depicted on the video would not have caused the Court to grant plaintiff's Rule 56(f) motion. Such does not demonstrate any need for additional discovery regarding Blount County's excessive force practices and policies, supervision and training on excessive force, nor lack of disciplining defendant Moore.

---

[3]In addition, although plaintiff argues that the video demonstrates defendant Moore and the Sheriff of Blount County using excessive force against "an obviously prone and apparently compliant suspect," [*see* Docs. 165, 166] defendant submits various in-cruiser videos that it claims demonstrates that the suspect was not compliant but resisting the officers. The Court does not make any findings regarding whether the officers' response to the suspect was excessive or appropriate, but it does find that defendant's videos raise questions regarding plaintiff's contention that Blount County has a policy of excessive force, which further compels the Court to deny plaintiff's request for Rule 60(b)(2) relief.

9

### 2. Rule 60(b)(6)

Rule 60(b)(6) is the "catch-all" provision and "should only be applied in 'unusual and extreme situations where principles of equity mandate relief.'" *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (quoting *Blue Diamond Coal*, 249 F.3d at 524).

Defendant argues plaintiff included the request for relief pursuant to Rule 60(b)(6) "in tandem" with the request for relief pursuant to Rule 60(b)(2) [Doc. 167]. The Court agrees, and to the extent plaintiff bases the argument for Rule 60(b)(6) relief upon newly discovered evidence, the Court denies the request because newly discovered evidence is addressed by Rule 60(b)(2). "Rule 60(b)(6) . . . applies in 'exceptional or extraordinary circumstances which are not addressed in the first five numbered sections of the rule.'" *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

Defendant further argues plaintiff otherwise presents no evidence of "extraordinary circumstances" nor articulates any grounds warranting relief under Rule 60(b)(6) [*Id.*]. In response, plaintiff contends: (1) "the highest law enforcement officer of a County being shown on video participating in the beating of a suspect is a[n] 'extraordinary circumstance,'" and (2) "the County reaching a public agreement in a criminal case involving the suspect on that video which prevents any subsequent civil action from being brought is

10

a[n] 'extraordinary circumstance'"[4] [Doc. 169].  The Court finds these assertions unavailing as they effectively reiterate the newly discovered evidence argument, which is addressed by Rule 60(b)(2).  Nevertheless, in light of the Court's finding that consideration of the video would not have produced a different result, the Court finds no substantial justice would be served by granting the relief plaintiff seeks.

### III.  Conclusion

For the reasons explained herein, the Court hereby **DENIES** plaintiff's request for relief pursuant to Rule 60(b)(2) and (6) [Doc. 165].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[4]Plaintiff informs the Court that the suspect on the video pled guilty to two counts of reckless endangerment and one count of vandalism, and pursuant to his plea agreement, agreed not to file a civil lawsuit against Blount County [Doc. 165].  Plaintiff claims this agreement "has obstructed any informal inquiry into the relationship between [the suspect's] injuries and the officer and Sheriff's actions" [*Id.*].